UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61517-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

FRED MASSARO,                         :

    Petitioner,                  :
v.                                             REPORT OF
                                 :    MAGISTRATE JUDGE
MICHAEL CREWS,
                                 :
    Respondent.
_____:

## I. Introduction

Fred Massaro, a state prisoner confined at Gulf Correctional Institution-Annex in Wewahitchka, Florida, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of the revocation of his term of probation and resultant sentence entered in Case No. 97-13953 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County.

The case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with supporting memorandum of law (DE# 1, 4), the Court has the petitioner's response to an order regarding the limitations period (DE# 10), and the respondent's response to an order to show cause with supporting exhibit (DE# 12).

## II. Claims

Massaro claims that he received ineffective assistance of trial counsel for four enumerated reasons in connection with the

revocation of his term of probation and resultant sentence. Specifically, he alleges that trial counsel (1) affirmatively misled him as to the maximum sentence he could receive upon revocation of his probation; (2) threatened to withdraw as counsel if he persisted in his desire to testify at the probation revocation hearing; (3) improperly failed to invoke the Rule of Sequestration before the start of the probation revocation hearing; and (4) failed to call certain named witnesses at the probation revocation hearing to testify on behalf of the defense.

### III. Procedural History[1]

Massaro was charged by Information with the offenses of racketeering (Count 1), conspiracy to commit racketeering (Count 2), organized scheme to defraud in an amount exceeding $50,000 (Count 3), and communications fraud (Counts 4-25). The crimes were committed in the years 1993, 1994 and 1995. Pursuant to pleas of guilty entered on December 18, 1997, Massaro was convicted of the charged offenses and he was sentenced to a term of imprisonment of thirteen years to be followed by a ten-year term of probation. On March 1, 2003, after having served his incarcerative term, Massaro was released by the Florida Department of Corrections to begin

---

[1] The information regarding the state court proceedings has been gleaned from the pleadings filed by the petitioner; the sole exhibit provided by the respondent; the decision issued by the state appellate court in Massaro v. State, 127 So.3d 690 (Fla. 4th DCA 2013); the information available at the database maintained by the Clerk of Court, Florida Fourth District Court of Appeal in Massaro's several appeals viewed on this date, see http://www.4dca.org.; and the database maintained by the Florida Department of Corrections viewed on this date, see http://www.dc.state.fl.us. This Court takes judicial notice of the information available at the database of the Clerk of Court, Fourth District Court of Appeal and database maintained by the Florida Department of Corrections. See Fed.R.Evid. 201; United States v. Glover, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)); Rentz v. Peters, 2009 WL 1587147, *3 (M.D.Fla. 2009)(taking judicial notice of the plaintiff's information on the Florida Department of Corrections' website concerning his crimes and sentence).

serving his probationary term. See http://www.dc.state.fl.us. Massaro subsequently violated the terms and conditions of his probation and he was charged with those violations on or about July 31, 2006. On December 7, 2007, the trial court conducted revocation proceedings, after which Massaro was found guilty of violating the terms and conditions of his probation and he was sentenced to a total term of imprisonment of thirty-five years. Id. Massaro was returned to the custody of the Florida Department of Corrections on May 15, 2008, where he remains confined, serving his term of imprisonment. Id. The revocation of Massaro's term of probation and thirty-five year sentence were affirmed by the Florida Fourth District Court of Appeal in a *per curiam* decision without written opinion issued on March 18, 2009. See Massaro v. State, 5 So.3d 685 (Fla. 4th DCA 2009)(table). The mandate issued on April 17, 2009. See Massaro v. State, No. 4D07-5002 (Fla. 4th DCA); http://www.4dca.org.

Massaro pursued a postconviction attack on the revocation of his term of probation and resultant sentence filing on or about April 16, 2011, a pro se motion pursuant to Fla.R.Crim.P. 3.850, alleging that he received ineffective assistance of trial counsel for two reasons. See Response to Court Order (DE# 12-1); Massaro v. State, 127 So.3d 690 (Fla. 4th DCA 2013). The Rule 3.850 motion was summarily denied by the trial court in a written order entered on January 7, 2013. Id. Massaro prosecuted an appeal to the Florida Fourth District Court of Appeal, challenging the trial court's summary denial of two points. Id. In one point, Massaro alleged that at the violation of probation hearing, his lawyer rendered ineffective assistance when counsel affirmatively misadvised him as to the maximum sentence he could receive upon revocation of his probation. Id. Specifically, Massaro asserted that counsel misadvised him "that twenty-three years was the greatest sentence

3

the court could impose in revocation of probation," and argued, "Had Defendant been aware that he faced a potential sentence of sixty (60) years on the violation and not twenty-three (23) years as counsel incorrectly represented, Defendant would have absolutely accepted the State's offer of twelve (12) years." Id.

Massaro had filed his rule 3.850 motion before the Florida Supreme Court issued its decision in Alcorn v. State, 121 So.3d 419 (Fla. 2013). *Alcorn* explained the proper prejudice inquiry associated with such a claim of misadvice. Id. at 431–32 (*citing* Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)). Based upon *Alcorn*, the Florida appellate court reversed the trial court's ruling and remanded the case to the trial court for further review of the above-specified claim in light of the cited Florida and Supreme Court decisions. Massaro v. State, 127 So.3d 690 (Fla. 4th DCA 2013). The court noted that Massaro's Rule 3.850 motion was filed under oath and supported with a transcript wherein there was a reference to a plea. Id. Since the claim was not refuted by the record furnished, the trial court was required to either attach portions of the record conclusively refuting Massaro's claim or to hold an evidentiary hearing pursuant to *Alcorn*. Id., *citing*, Gribble v. State, 120 So.3d 153 (Fla. 4th DCA 2013). The mandate issued on December 20, 2013. See Massaro v. State, No. 4D13-1039 (Fla. 4th DCA); http://www.4dca.org.

## IV. Discussion

While the proceedings were still pending in the state appellate court, Massaro came to this Court, filing on April 15,

2013,[2] the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In his response to the order to show cause, the respondent has not challenged the petition on the basis of timeliness. See 28 U.S.C. §2244(d). The respondent argues, however, that Massaro is not entitled to federal habeas corpus review of his claims, because some of, if not all, the claims raised here are unexhausted. (DE# 12). The respondent states that Massaro is currently in the process of attacking the probation revocation and thirty-five year sentence in state postconviction proceedings, therefore, dismissal without prejudice of the instant petition is warranted. Massaro filed no response whatever to the respondent's response to the petition, asserting the exhaustion defense.

It is well-settled that an applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[3] See Mauk v. Lanier, 484

---

[2] This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11th Cir. 2008). See also Adams v. United States, 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3] The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)(i) there is absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

F.3d 1352, 1357 (11th Cir. 2007). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29-30 (2004) 541 U.S. at 29-30; Duncan v. Henry, 513 U.S. 364, 365-366 (1995). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan, supra; Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983).

In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979).[4] Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, but are properly raised in a motion for postconviction relief. See Kelley v. State, 486 So.2d 578, 585 (Fla.), *cert. denied*, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986). Exhaustion requires that the ineffective claim not only be raised in a Rule 3.850 motion, but the denial of the claim be presented on appeal. See Leonard, 601 F.2d at 808.

---

under the law of the State to raise, by any available procedure, the question presented.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

From review of the record, it appears that Massaro is still in the process of exhausting his postconviction challenges to his probation revocation and sentence imposed as a result thereof. Massaro has filed a Rule 3.850 motion and the Florida appellate court reversed and remanded the trial court's summary denial as to one of the grounds for relief raised. Based upon the appellate court decision, Massaro appears entitled to an evidentiary hearing on his claim that his lawyer rendered ineffective assistance when counsel affirmatively misadvised him as to the maximum sentence he could receive upon revocation of his probation. See Massaro v. State, 127 So.3d 690 (Fla. 4th DCA 2013), *citing*, Gribble v. State, 120 So.3d 153 (Fla. 4th DCA 2013)(holding that record on appeal of dismissal of motion for postconviction relief alleging ineffective assistance of trial counsel for his alleged misadvice to defendant as to maximum sentence he faced if convicted did not conclusively refute defendant's claim that counsel rendered ineffective assistance and, thus, remand was required for trial court to either attach portions of the record conclusively refuting defendant's claim or to hold an evidentiary hearing). There is no indication whatever in the record or review from the online docket of the Florida Fourth District Court of Appeal that state postconviction proceedings have concluded. There has, therefore, been no final disposition on the merits of the claims raised in the Rule 3.850 proceedings. Massaro has not indicated otherwise to this Court in that he has filed no reply in opposition to the respondent's argument that dismissal of this federal petition is warranted based upon the exhaustion defense.

Based upon the well-recognized principles of comity and federalism, this federal court should not interfere with ongoing state criminal proceedings and, instead, give the state courts an

opportunity to rule on all of Massaro's claims raised in the postconviction proceedings. See generally Younger v. Harris, 401 U.S. 37(1971)(holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions).[5] Thus, the undersigned agrees with the respondent that this case should be dismissed without prejudice to give Massaro the opportunity to fully complete his action in state court and to exhaust his state court remedies. See Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11th Cir. 2007), citing Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Massaro cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5th Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5th Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Massaro challenge his confinement in this Court by way of a timely federal petition pursuant to 28 U.S.C. §2254.[6]

### V. Certificate of Appealability

---

[5] *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Younger v. Harris, 401 U.S. 37(1971).

[6] At this time, this Court makes no determination as to the timeliness of the instant petition or any future petition. The petitioner is hereby cautioned to be aware of the one-year federal statute of limitations and the requirement that he comply with the applicable limitations period. See 28 U.S.C. §2244(d)(1)-(2). Massaro is further informed that, while the appropriate limitations period is tolled for properly filed state postconviction motions, the statute is not tolled during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11th Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

A state prisoner must obtain a certificate of appealability before appealing the denial of his federal habeas petition. 28 U.S.C. §2253(c)(1)(A). A certificate of appealability may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009)(quoting Miller-El v. Cockrell, 537 U.S. 322, 337, 342, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)), cert. denied, 130 S.Ct. 783 (2009). As noted by the United States Supreme Court:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, ... a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009)(internal quotations omitted). Here, it is apparent that Petitioner did not exhaust his state court remedies before proceeding to this federal court. Therefore, a certificate of appealability is not warranted.

## VI. Recommendations

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed to permit Petitioner to seek

habeas corpus relief pursuant to 28 U.S.C. §2254, after exhaustion of all state court remedies. The dismissal is without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. It is further recommended that no certificate of appealability issue.

SIGNED this 12th day of March, 2014.

                                               UNITED STATES MAGISTRATE JUDGE

cc: Fred Massaro, Pro Se
    DC# 821980
    Gulf Correctional Institution - Annex
    699 Ike Steele Road
    Wewahitchka, FL 32465-0010

    Joseph A. Tringali, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428